UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-0290 (PJS/AJB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION ON SENTENCING GUIDELINES |
| LAWRENCE FRANK KLADEK, | CALCULATIONS |
| Defendant. | |

David J. MacLaughlin, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Patrick W. Ledray, PATRICK W. LEDRAY, ATTORNEY AT LAW, for defendant.

Defendant Lawrence Frank Kladek pleaded guilty to one count of filing a false tax return in violation of 26 U.S.C. § 7206(1). On August 20, 2009, the Court sentenced Kladek to 20 months in prison, fined Kladek $40,000, and ordered Kladek to spend one year on supervised release following completion of his prison term.

Before sentencing Kladek, the Court had to decide which version of the United States Sentencing Guidelines applied to his case. That question turned on whether the Ex Post Facto Clause of the United States Constitution prohibits application of the Guidelines that are in effect at the time of sentencing when those Guidelines recommend a sentence that is longer than the sentence recommended by the Guidelines that were in effect at the time the offense was committed. The federal courts have split on this issue, and no judge of this District appears to have addressed the issue in a published opinion.

In this case, the government advocates using the current Guidelines — that is, the Guidelines that have been in effect since November 1, 2008 — which recommend a sentence of

24 to 30 months. Gov't Sent. Mem. at 1-2 [Docket No. 21]. Kladek advocates using the Guidelines that were in effect on October 19, 2001 — the date on which he filed the false tax return. Def. Mem. re Sent. Guidelines at 1-2 [Docket No. 20]. Those Guidelines, which recommend a sentence of 18 to 24 months, are reflected in the manual issued in November 2000.

The Constitution's Ex Post Facto Clause forbids Congress from passing an "ex post facto Law . . . ." U.S. Const. art. I, § 9; *see also id.* § 10 (prohibiting states from passing ex post facto laws). Kladek contends that because the sentencing range recommended by the 2008 Guidelines exceeds the range recommended by the 2000 Guidelines, application of the 2008 Guidelines would represent the type of retroactive punishment that is forbidden by the Ex Post Facto Clause. The government counters that because the Guidelines are now advisory under *United States v. Booker*, 543 U.S. 220 (2005), the Ex Post Facto Clause does not forbid the Court from relying on Guidelines that postdate Kladek's crime, because Kladek's ultimate sentence is within the Court's discretion.

For its part, the probation office, in its presentence-investigation report ("PSR"), agrees with Kladek and recommends that the Court use the 2000 Guidelines. PSR ¶ 14. This recommendation is based on the Guidelines themselves, which provide, in § 1B1.11(b)(1), that the Court should use the Guidelines in effect when the defendant committed the crime, rather than those in effect at the time of sentencing, "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause . . . ." Of course, by its own terms, § 1B.11(b)(1) does not dictate use of earlier Guidelines unless the Court first determines that using later Guidelines would violate the Ex Post Facto Clause.

Pre-*Booker*, when the Guidelines were mandatory, it was clear that a Court could not apply the Guidelines in effect at the time of sentencing if they prescribed a longer sentencing range than the Guidelines in effect at the time of the crime. *See, e.g.*, *United States v. Bell*, 991 F.2d 1445, 1447 (8th Cir. 1993) ("[R]etrospective application of the Guidelines implicates the ex post facto clause."). Post-*Booker*, with the Guidelines now treated as advisory, the matter is not so clear.

Only two federal appellate courts have discussed at any length whether the Ex Post Facto Clause applies to the Guidelines after *Booker*. The Seventh Circuit held, in *United States v. Demaree*, that the Ex Post Facto Clause does not apply to the now-advisory Guidelines. 459 F.3d 791, 795 (7th Cir. 2006). More recently, however, the D.C. Circuit rejected *Demaree* and held in *United States v. Turner* that the Ex Post Facto Clause does apply to the Guidelines. 548 F.3d 1094, 1099-1100 (D.C. Cir. 2008). This Court finds *Turner* significantly more persuasive than *Demaree*.[1]

---

[1]The Eighth Circuit has not squarely decided whether the Ex Post Facto Clause continues to apply to the now-advisory Guidelines. In deciding whether a district court's sentence was reasonable, the Eighth Circuit in *United States v. Larrabee* said,"[w]e recognize that 'retrospective application of the Guidelines implicates the *ex post facto* clause,'" quoting a pre-*Booker* case. 436 F.3d 890, 894 (8th Cir. 2006) (quoting *United States v. Bell*, 991 F.2d 1445, 1447 (8th Cir. 1993)). But *Larrabee* in fact looked at post-offense Guidelines in assessing the sentence's reasonableness. *Id.* In *United States v. Carter*, the court cited *Larrabee* to support its decision to address a criminal defendant's Ex Post Facto Clause challenge to the application of the Guidelines, but the court ultimately decided that the defendant had forfeited the challenge. 490 F.3d 641, 643, 645-46 (8th Cir. 2007).

The Tenth Circuit said in *United States v. Thompson* that the Ex Post Facto Clause applies to the Guidelines, but it cited pre-*Booker* case law to support this statement (which was dictum, in any event, because the court found that the defendant's offense occurred after the date of the Guidelines whose application the defendant challenged). 518 F.3d 832, 869-70 (10th Cir. 2008). Similarly, the Fifth Circuit cited pre-*Booker* case law in applying the Ex Post Facto
(continued...)

*Demaree* said that "the ex post facto clause should apply only to laws and regulations that bind rather than advise, a principle well established with reference to parole guidelines whose retroactive application is challenged under the ex post facto clause." 459 F.3d at 795. *Turner*, by contrast, held that "under the law of this circuit the existence of discretion does not foreclose an *ex post facto* claim, as *Demaree* supposed." 548 F.3d at 1100. *Turner* did not go far enough. Not only does the existence of discretion not foreclose an Ex Post Facto Clause claim under the law of the D.C. Circuit, the existence of discretion does not foreclose an Ex Post Facto Clause claim in *any* circuit under the Supreme Court's opinion in *Garner v. Jones*, 529 U.S. 244 (2000).

The defendant in *Garner* challenged a modification of Georgia's rules governing parole hearings for prisoners serving life sentences. Under the old rule, prisons were required to hold such parole hearings every three years; under the new rule, prisons were required to hold such hearings only every eight years. *Id.* at 247. The Court vacated the Eleventh Circuit's finding that this rule change violated the Ex Post Facto Clause and remanded the case for further proceedings, because the Court could not tell from the record whether the change "lengthened [defendant's] time of actual imprisonment." *Id.* at 256.

---

[1](...continued)
Clause to the Guidelines in *United States v. Rodarte-Vasquez*, 488 F.3d 316, 324 (5th Cir. 2007). But Judge Jones, concurring in *Rodarte-Vasquez*, noted that the panel "d[id] not reach the issue whether the ex post facto clause can apply to a post-*Booker* sentence" and expressed her opinion that the Ex Post Facto Clause in fact should *not* apply to a post-*Booker* sentence. *Id.* at 325 (Jones, J., concurring).

The Second Circuit has noted that issue of the application of the Ex Post Facto Clause to the now-advisory Guidelines is open. *United States v. Johnson*, 558 F.3d 193, 195 n.1 (2d Cir. 2009) (per curiam). The First and Sixth Circuits have both assumed, without deciding, that the Ex Post Facto Clause continues to apply to the Guidelines. *United States v. Gilman*, 478 F.3d 440, 449 (1st Cir. 2007); *United States v. Duane*, 533 F.3d 441, 447 (6th Cir. 2008).

In reaching this conclusion, the Court said that "[t]he presence of discretion does not displace the protections of the *Ex Post Facto* Clause . . . ." *Id.* at 253. Rather, a court must carefully examine how discretion was exercised before the change, and how discretion is exercised after the change, and determine whether the change "creates a significant risk of prolonging [a defendant's] incarceration." *Id.* at 251; *see also Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995) (holding that the Ex Post Facto Clause is violated only if a change in law "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes"). Whether a change in the law significantly increases the risk of prolonging a defendant's incarceration is necessarily a question of degree. *Morales*, 514 U.S. at 509 ("[W]e have long held that the question of what legislative adjustments 'will be held to be of sufficient moment to transgress the constitutional prohibition' *must* be a matter of 'degree.'") (quoting *Beazell v. Ohio*, 269 U.S. 167, 171 (1925); emphasis in original). What is clear, though, is that *Garner* rejected *Demaree*'s premise that the Ex Post Facto Clause "should apply only to laws and regulations that bind rather than advise," 459 F.3d at 795.[2]

There is no question that applying Guidelines that recommend a higher sentence creates a significant risk of prolonging a defendant's incarceration, notwithstanding their advisory nature. That is why the parties to criminal cases routinely fight — sometimes ferociously — over the proper calculation of the Guidelines range. Of the many factors that a sentencing judge considers

---

[2]Ironically, *Demaree* cited *Garner* to support the assertion that "the ex post facto clause should apply only to laws and regulations that bind rather than advise, a principle well established with reference to parole guidelines whose retroactive application is challenged under the ex post facto clause." 459 F.3d at 795. Yet, as noted, *Garner* held directly to the contrary.

under 18 U.S.C. § 3553(a), none has more influence, over the run of cases, than the recommendations of the Guidelines.

The Guidelines remain "the starting point and the initial benchmark" in every sentencing proceeding. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). And appellate courts may apply a presumption of reasonableness to a within-Guidelines sentence. *United States v. Rita*, 551 U. S. 338, 347 (2007). Thus, as *Turner* noted, "judges are more likely to sentence within the Guidelines in order to avoid the increased scrutiny that is likely to result from imposing a sentence outside the Guidelines." 548 F.3d at 1099. Judges are also more likely to sentence within the Guidelines because, under *Rita*, a judge may provide a briefer explanation for a within-Guidelines sentence than for an extra-Guidelines sentence. 551 U.S. at 356 ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

Further, in sentencing a defendant, a district court is statutorily required to consider both the sentencing range set forth in the Guidelines for a particular offense and pertinent policy statements found in the Guidelines. 18 U.S.C. § 3553(a)(4)-(5). And under *Gall*, a district court commits "significant procedural error" if it "fail[s] to calculate (or improperly calculat[es]) the Guidelines range" or "fail[s] to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." 128 S. Ct. at 597. The Eighth Circuit will therefore vacate a defendant's sentence, and remand for resentencing, if it finds that the district court has failed to adequately explain a sentence that is above or below the Guidelines

range.³  Moreover, the Eighth Circuit has emphasized that when a district court imposes a sentence outside of the Guidelines range, the district court should explain whether the sentence reflects a "departure" under the Guidelines or a "variance" under § 3553(a).  *See, e.g.*, *United States v. Davis*, 538 F.3d 914, 920 (8th Cir. 2008).

In short, the Guidelines continue to have a substantial — indeed, unavoidable — influence on sentencing decisions.  The sentence recommended by the Guidelines represents far more than a piece of advice.  Rather, it is the center of gravity — in *Gall*'s works, "the starting point and the initial benchmark" — in every sentencing proceeding.  *See Turner*, 548 F.3d at 1099 ("Practically speaking, applicable Sentencing Guidelines provide a starting point or 'anchor' for judges and are likely to influence the sentences judges impose.").  Applying Guidelines that recommend a sentence of 24 to 30 months, instead of Guidelines that recommend a sentence of 18 to 24 months, unquestionably "creates a significant risk of prolonging [a defendant's] incarceration."  *Garner*, 529 U.S. at 251.

The Court therefore holds that if the Guidelines in effect at the time of sentencing recommend a higher sentence than the Guidelines in effect at the time of the offense, a court may

---

³*See, e.g.*, *United States v. Azure*, 536 F.3d 922, 932 (8th Cir. 2008) ("Without the benefit of additional analysis by the district court, we cannot conclude that the district court's findings were adequate to explain and support the departure in this particular case.  Failing to adequately explain an upward departure is a significant procedural error . . . ."); *United States v. Shy*, 538 F.3d 933, 937 (8th Cir. 2008) ("[T]he district court failed to adequately explain Shy's sentence with sufficient justifications for the downward variance. . . .  Given this procedural error, we are not able to conduct a meaningful review of the reasonableness of Shy's sentence.  Accordingly, we remand for resentencing . . . .").

not, consistent with the Ex Post Facto Clause, rely on the Guidelines in effect at the time of sentencing. Consistent with its holding, the Court sustained Kladeck's objection to use of the 2008 Guidelines and applied the 2000 Guidelines instead.

Dated: August 31, 2009              s/Patrick J. Schiltz
                                    Patrick J. Schiltz
                                    United States District Judge